# THE ATTORNEY GENERAL
# OF TEXAS
AUSTIN 11, TEXAS


PRICE DANIEL
ATTORNEY GENERAL

August 6, 1952

Hon. R. E. Schneider, Jr.　　Opinion No. V-1494
County Attorney
Live Oak County　　　　　Re: Authority of the Commis-
George West, Texas　　　　　sioners' Court to levy
　　　　　　　　　　　　　　and collect a tax for
　　　　　　　　　　　　　　the purpose of improving
　　　　　　　　　　　　　　and maintaining Tips
Dear Sir:　　　　　　　　　State Park.

　　　　Your request for our opinion reads in part as
follows:

　　　　"Can a Commissioners' Court levy and col-
lect a tax for the purpose of improving and
maintaining a park now owned by the State of
Texas?

　　　　"A number of years ago an individual con-
veyed either to the State of Texas, or the
State Parks Board, a tract of land in Live
Oak County, near the City of Three Rivers,
for park purposes. Private donations have
been obtained and the land partially improved
and used as a public park. It is known as
Tips State Park. My information is that the
State has expended no money in the improvement
or maintenance of the Park or at most the High-
way Department may have made some improvement
on the approaches from the highway in and out
of the park. Parties interested in the park
desire the Commissioners' Court to call an
election for the purpose of determining whether
or not, to levy a tax for the purpose of improv-
ing and maintaining the park. . . ."

　　　　We assume from the above statement that title
to the Tips State Park is in the State of Texas rather
than Live Oak County.

　　　　The decisions of the Texas courts have re-
peatedly held that the commissioners' court is a court
of limited jurisdiction and has only such powers as are
conferred upon it, either by express terms or by neces-

sary implication, by the Constitution and statutes of this State. Childress County v. State, 127 Tex. 343, 92 S.W.2d 1011 (1936); Von Rosenberg v. Lovett, 173 S.W. 508 (Tex. Civ. App. 1915, error ref.); Roper v. Hall, 280 S.W.289 (Tex. Civ. App. 1925); Art. 2351, V.C.S.

Article 6078, V.C.S., authorizes the commissioners' court to expend money for improving and operating a park which is being operated by the State Parks Board. It provides in part as follows:

"Each Commissioners Court is authorized to levy and collect a tax not to exceed five (5) cents on each one hundred dollars assessed valuation of the county for the purchase and improvement of lands for use as county parks. No such tax shall be levied and collected until the proposition is submitted to and ratified by the property taxpaying voters of the county at a general or special election called for that purpose, provided, a two-thirds majority of the property taxpaying voters of such county, at an election held for such purpose shall determine in favor of said tax. . .

"Section 2. All parks acquired by authority of this Act shall be under the control and management of the county acquiring the same, provided that the Commissioners Court may by agreement with the State Parks Board turn the land over to the State Parks Board to be operated as a public park; the expense of the improvement and operation of such park to be paid by the county and/or cooperative Federal agencies according to the agreement to be made between such county and the State Parks Board."

It is our opinion that Section 2 of this act contemplates the expenditure of county funds on parks which are owned by the counties but which have been turned over to the State Parks Board to be operated by it. The statute does not authorize a county to transfer ownership to the State Parks Board, nor does it authorize a county to expend county monies on parks which are owned by the Board. It merely authorizes transfer of possession to the Board and permits the county to provide funds for the

improvement and operation of the park while it is in the possession of the Board.

Article 6081e, V.C.S., also authorizes counties to levy a tax for the improvement and operation of parks owned by the counties but operated by the State Parks Board. Section 3 of this statute reads:

"All parks acquired by authority of this Act shall be under the control and management of the city or county acquiring same or by the city and county jointly, where they have acted jointly in acquiring same, provided that the Commissioners' Court and the City Commission or City Council may, by agreement with the State Parks Board, turn the land over to the State Parks Board to be operated as a public park, the expense of the improvement and operation of such park to be paid by the county and/or city, according to the agreement to be made between such municipalities and the State Parks Board.

"All counties and incorporated cities are authorized to levy a tax of not exceeding five (5) cents on the One Hundred ($100.00) Dollars property valuation to create a fund for the improvement and operation of such parks."

Here again, it is our opinion that the statute does not authorize a county to expend its funds for the improvement and operation of a park which is owned by the State Parks Board.

We have been unable to find any statute which would authorize a county to expend its funds for the improvement and operation of a park which is owned by the State of Texas or by the State Parks Board. Therefore, we agree with you that the Commissioners' Court of Live Oak County is not authorized to levy and collect a tax for the purpose of improving and maintaining Tips State Park.

## SUMMARY

Commissioners' courts may not levy and collect taxes for the purpose of improving and maintaining parks which are owned by the

State of Texas or the State Parks Board. Articles 6078 and 6081e, V.C.S., authorizing counties to levy a tax for the improvement and maintenance of county-owned parks which are being operated by the State Parks Board under agreements between the counties and the Board, does not apply to parks owned by the State or by the Board.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

By ~~Bruce Allen~~
Bruce Allen
Assistant

BA:am